**Reversed and Remanded and Majority and Dissenting Opinions filed September 24, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00205-CR

**SANTHY INTHALANGSY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1471491**

### DISSENTING OPINION

I agree with the majority that the evidence is sufficient to support the conviction, but I disagree with the majority's other decision regarding the admission of the extraneous murder.

The majority starts off on the wrong foot by not beginning its analysis with Rule 404 of the Texas Rules of Evidence. Subsection (b)(1) of that rule, sometimes known as the propensity rule, provides that evidence of an extraneous offense is not

admissible if the purpose of the evidence is to show that a person has a character trait and that the person acted in conformity with that character trait on a particular occasion. Subsection (b)(2) sets forth an exception to the propensity rule and provides that evidence of an extraneous offense may be admissible if it advances "another purpose."

Several alternative purposes are enumerated under subsection (b)(2), such as the tendency of the evidence to prove an elemental fact like "intent." The Court of Criminal Appeals has also recognized a separate purpose that was not specifically enumerated: to provide "same transaction contextual evidence." *See Mayes v. State*, 816 S.W.2d 79, 86 (Tex. Crim. App. 1991). This sort of contextual evidence refers to those background situations where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others." *Id.* at 86 n.4. The Court explained that this evidence is admissible under the exception to the propensity rule because "events do not occur in a vacuum and . . . the jury has a right to hear what occurred immediately prior to and subsequent to the commission of the act so that they may realistically evaluate the evidence." *Id.* at 86.

These alternative purposes justified the admission of the extraneous murder in this case. The extraneous murder tended to prove that appellant had restrained Cassie without her consent when he escorted her away from Frank's house, which was an essential element of the charged offense. The extraneous murder also supported a finding that appellant had formed an intent to prevent Cassie's liberation by using deadly force against her, which was another elemental fact. And because there was evidence showing that Jimmy's murder was intertwined with Cassie's extraneous murder, the trial court could have reasonably concluded that the jury was

entitled to hear the extraneous murder as same transaction contextual evidence. *See Camacho v. State*, 864 S.W.2d 524, 531–32 (Tex. Crim. App. 1993) (holding that the trial court did not abuse its discretion by admitting evidence of certain extraneous murders and kidnappings because the evidence helped to establish the defendant's intent and because the evidence imparted "information essential to understanding the context and circumstances of events which, although legally separate offenses, [were] blended or interwoven").

The majority acknowledges that the connection between Jimmy's murder and Cassie's extraneous murder is "easy to imagine," but the majority holds that the extraneous murder is wholly irrelevant because there is no clear proof that appellant participated in it. The majority achieves this holding by not crediting the reasonable inferences that may be drawn from the circumstantial evidence, in direct contravention of the standard of review. There was clear proof that appellant had kidnapped Cassie twice in a single week; that he or Amalinh had shot Jimmy in her presence just before her second kidnapping; and that Cassie was found deceased the day after Jimmy's murder, also the result of a shooting. Reasonable minds could determine from this circumstantial evidence that appellant participated in Cassie's murder, which means that this court should not disturb the trial court's implied finding that the extraneous murder was relevant. *See Rogers v. State*, 853 S.W.2d 29, 32–33 (Tex. Crim. App. 1993) (op. on reh'g) (stating that a reviewing court should not superimpose its own judgment over the judgment of the trial court when deciding whether extraneous-offense evidence is relevant).

Because the majority determines that the extraneous murder was irrelevant, the majority does not perform a meaningful analysis under Rule 403 to assess whether the probative value of the extraneous murder substantially outweighed the danger of unfair prejudice. I will conduct that analysis here because it is essential to

showing that the trial court did not abuse its discretion by admitting the challenged evidence.

When undertaking a Rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

The trial court here did not make a record of any findings and conclusions under Rule 403, but no such record was actually required. *See Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). This court presumes that the trial court engaged in a Rule 403 analysis when it admitted the challenged evidence over appellant's objection. *Id.* And in reviewing that decision, this court must also presume that the challenged evidence was admissible. *See Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009) ("Under Rule 403, it is presumed that the probative value of relevant evidence exceeds any danger of unfair prejudice.").

The trial court could have reasonably determined that there was high probative value in the evidence of Cassie's extraneous murder. As explained above, the extraneous murder supported findings that appellant restrained Cassie without her consent and that he intended to prevent her liberation with the use of deadly force, both of which were elements in the underlying kidnapping. The trial court could have also determined that the prosecution had a need for this evidence because the limited eyewitness testimony did not establish any obvious uses of force during the

4

initial stages of the kidnapping. For instance, the eyewitnesses did not testify that Cassie was dragged to the waiting car, or even that she was touched by her kidnappers. The extraneous murder was therefore important to establishing that Cassie was still taken against her will.

The trial court could have likewise determined that the danger of unfair prejudice was low. Because Cassie's extraneous murder was inextricably connected with her kidnapping and with Jimmy's murder, the trial court could have reasonably concluded that the extraneous murder would not distract the jury from the main issues in the case.

The trial court could have also determined from the quality of the evidence that the extraneous murder would not have a tendency to affect the jury in an irrational way. There were no photographs from Cassie's autopsy. There were some photographs from the scene where her body was discovered, but those photographs were captured from afar and did not depict Cassie's face or her many gunshot wounds, as her body was almost entirely obscured by vegetation. The prosecution accordingly minimized the risk of inflaming the jury's passions.

Even though the prosecution called several witnesses and spent some time in developing the evidence of Cassie's extraneous murder, the trial court could have reasonably determined from the remaining factors that the probative value of that evidence outweighed any danger of unfair prejudice.

For all of these reasons, I would conclude that the trial court did not abuse its discretion by admitting the challenged evidence. I would overrule appellant's arguments to the contrary and consider his remaining issues on appeal. Because the majority does not, I respectfully dissent.

/s/ Tracy Christopher
   Justice

Panel consists of Justices Christopher, Bourliot, and Hassan. (Hassan, J., majority).

Publish — Tex. R. App. P. 47.2(b).